**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MELVIN BURTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-0239** |
| **JEFF LANDRY, WARDEN** | **SECTION: "L"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).    For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Melvin Burton, is a convicted inmate incarcerated at the Dixon Correctional Institute in Jackson, Louisiana.    On June 9, 2014, he was charged by bill of information with aggravated flight from an officer, aggravated obstruction of a highway, theft of goods valued $500.00 or more, but less than $1500.00, and possession of heroin.[1] At the end of his jury trial, on July 24, 2014, he chose to enter a plea of guilty as charged and

---

[1]  State Rec., Vol. 1 of 3, Bill of Information, St. Tammany Parish.

the trial court sentenced him on the four counts.[2]    On July 25, 2014, the State filed a multiple-offender bill of information.    Upon Burton's stipulation that he was a fourth felony offender, his original sentences were vacated, and he was sentenced as a fourth felony offender to 20 years' imprisonment on each count, to run concurrently.[3]    He did not appeal the convictions or sentences.

On July 13, 2015, Burton filed his first application for post-conviction relief with the state district court.[4]    He claimed that he was denied effective assistance of counsel during his multiple-offender proceedings, which resulted in an involuntary and unknowing guilty plea, and that the trial court failed to properly advise him of the rights he was waiving by entering the guilty plea.    On March 21, 2016, the state district court denied the application for post-conviction relief.[5]    He did not file any related supervisory writ applications with

---

[2]   State Rec., Vol. 1 of 3, Plea of Guilty and Waiver of Rights, 7/24/2014.    See also, State Rec., Vol. 1 of 3, Transcript of Trial, p. 106.

[3]   State Rec., Vol. 1 of 3, Multiple Bill of Information; Transcript of *Boykin* proceedings following trial on 7/24/14; and Transcript of Multiple Offender Sentencing hearing held 7/25/14.

[4]   State Rec., Vol. 1 of 3, Uniform Application for Post-Conviction Relief.    Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state-court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."    *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006).    Here, because that date cannot be gleaned from the record, the State uses the signature date of the petition, which the Court likewise adopts, since he obviously could not have deposited it in the mail system earlier than he signed it.

[5]   State Rec., Vol. 1 of 3, State District Court Order denying PCR, 3/21/16.

the courts of appeal.

On August 30, 2018, Burton filed his second application for post-conviction relief with the state district court.    Once again, he raised a claim of ineffective assistance of counsel during guilty-plea proceedings because he was advised to enter a guilty plea to possession of heroin and obstruction of a highway even though he was not initially arrested or charged with those offenses.    On February 7, 2019, the state district court dismissed the application for post-conviction relief as untimely under Louisiana Code of Criminal Procedural article 930.8.[6]    On July 19, 2019, he filed a notice of intent to seek supervisory writs.    He was given a return date of August 19, 2019, by which to file his supervisory writ application with the appellate court.    On June 25, 2019, he filed his related supervisory writ application in the Louisiana First Circuit Court of Appeal.    The appellate court denied relief on September 30, 2019.[7]    On October 13, 2019, he filed a supervisory writ application with the Louisiana Supreme Court.[8]    On November 24, 2020, the Louisiana Supreme Court denied relief on the merits.[9]

---

[6]  State Rec., Vol. 1 of 3, State District Court Order denying PCR, 2/7/19.

[7]  State Rec., Vol. 2 of 3, *State v. Burton*, 2019-KW-0863, 2019 WL 4748048 (La. App. 1 Cir. 9/30/19).

[8]  State Rec., Vol. 3 of 3, Louisiana Supreme Court Writ Application No. 19-KH-1982.

[9]  State Rec., Vol. 3 of 3, *State v. Burton*, 2019-KH-01982 (La. 11/24/2020), 304 So.3d 853.

On February 1, 2021, Burton filed his federal application for habeas corpus relief.[10] In that application, he claims that he was denied the effective assistance of counsel during guilty-plea proceedings and the state courts failed to provide him due process and hold an evidentiary hearing on his claim for relief.   The State filed a response, arguing that the federal application should be dismissed as untimely.[11]

## Analysis

### A. Statute of Limitations

Initially, the Court must determine whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court, *i.e.*, the petitioner must have exhausted state-court remedies and the claim must not be in "procedural default."   *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).   The State does not contest exhaustion or raise procedural default. The State argues that the federal petition was not timely filed.   For the following reasons, the Court agrees that the application is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one year of the date on which

---

[10]   Rec. Doc. 3-1, 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.   "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."   *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir. 2003). Petitioner's application is stamped by the prison and post-marked February 1, 2021.   Rec. Doc. 3-1, p. 22.

[11]   Rec. Doc. 8.

his underlying criminal judgment becomes "final."[12]   With regard to finality, the United

States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

---

[12] Title 28 U.S.C. § 2244(d) provides additional grounds, which do not apply here:

(1)     A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

As previously stated, Burton pleaded guilty and was sentenced on July 25, 2014.    His state criminal judgment became final for AEDPA purposes, and his federal limitations period therefore commenced, on August 25, 2014, when his time for filing an appeal under state law expired.[13]    Under a plain reading of the statute, Burton then had one year within which to file his federal habeas petition.    He did not file his federal habeas petition with this Court until February 1, 2021.    Thus, his application must be dismissed as untimely, unless that deadline was extended through tolling.

Regarding statutory tolling, the AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."    28 U.S.C. § 2244(d)(2).    A matter is "pending" pursuant to § 2244(d)(2) "as long as the ordinary state collateral review process is 'in

---

[13]    *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).    Under Louisiana law, a criminal defendant has thirty (30) days to file a motion to appeal his conviction or sentence.    La. Code Crim. P. art. 914.

continuance.' "   *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Burton did not appeal his July 25, 2014 convictions or sentences.    His conviction became final 30 days later, on August 25, 2014, since there was no possibility of further direct appellate review.    He allowed 321 days to run before he filed his application for post-conviction relief on July 13, 2015.[14]    At this point, he had only 44 days remaining in the one-year federal limitations period.    The State concedes that the one-year period remained tolled during the pendency of the application for post-conviction relief and state district court ruling issued on March 21, 2016, including the 30 days after that ruling in which he could file a supervisory writ application with the court of appeal (Rule 4-Uniform Rules Courts of Appeal); however, it resuming running as of April 20, 2016, when he did not challenge the PCR ruling and the application ceased to be pending.[15]    Thereafter, the remainder of the one-year limitations period continued to run uninterrupted until it expired

---

[14]  The Court notes that his motion for production of documents filed in September 2014 provided him no tolling benefit.   *See* State Rec., Vol. 1 of 3.    Requests for documents do not qualify as applications for state post-conviction relief or other collateral review. Applications seeking documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. *Higginbotham v. Tanner*, Civ. Action No. 10–1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); *Parker v. Cain*, Civ. Action No. 02–0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), *certificate of appealability denied*, No. 03–30107 (5th Cir. June 23, 2003); *Boyd v. Ward*, Civ. Action No. 01–493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), *certificate of appealability denied*, No. 01–30651 (5th Cir. Aug. 22, 2001).

[15]  *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001) (holding that §2244(d)(2) tolls the entire period allotted for timely state appellate review).

44 days later, on June 3, 2016.    Burton's second application for post-conviction relief was not filed with the state district court until August 30, 2018.    Even if it could be considered properly filed, it could not revive the one-year federal limitations period, which had expired years earlier.    *See Madden v. Thaler*, 521 F. Appx. 316, 320 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)).    Simply put, once the federal limitations period expired, "[t]here was nothing to toll."    *Butler,* 533 F.3d at 318.

The AEDPA's statute of limitations is subject to equitable tolling.    *Holland v. Florida*, 560 U.S. 631, 645 (2010).    However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing."    *Id*. at 649 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").    A petitioner bears the burden of proof to establish entitlement to equitable tolling.    *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).    Burton has not alleged, much less shown, that he is entitled to equitable tolling under the circumstances.[16]

---

[16]  Burton likewise has not asserted a claim of actual innocence, which "serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations."  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).    The Supreme Court has

The record discloses no basis on which this Court could find that equitable tolling is warranted.    It is well-settled that mistake, ignorance of the law, and a prisoner's *pro se* status do not suffice to justify equitable tolling.    *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); s*ee also Tate v. Parker*, 439 F. Appx. 375 (5th Cir. 2011) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling"); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (equitable tolling "is not intended for those who sleep on their rights").    Accordingly, Burton is not entitled to equitable tolling.

Burton's federal application was filed in this case after the applicable one-year federal limitations period expired.    He has not established any basis for statutory or equitable tolling.    Therefore, his federal habeas corpus petition should be dismissed with prejudice

---

cautioned that "tenable actual-innocence gateway pleas are rare[.]"    *Id.*    To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence.    *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).    Here, Burton only speculates that the State possessed no evidence on one of the four charges, possession of heroin.    Rec. Doc. 1, p. 20.    He clearly has not made a colorable showing that he is actually innocent in light of "new reliable evidence."    Moreover, any such assertion would likely be unsuccessful given that he pleaded guilty to the offenses.

as untimely.

## RECOMMENDATION

**IT IS RECOMMENDED** that Burton's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[17]

New Orleans, Louisiana, this ___21st___ day of _____ May _____, 2021.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.